U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 1 2013
CLERK, U.S. DISTRICT C
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-868-A |
| | § | (NO. 4:11-CR-065-A-2) |
| SANTIAGO VALDEZ | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Santiago Valdez ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, movant's reply, and applicable legal authorities, the court concludes that none of the grounds has merit and the motion should be denied.

I.

Background

Movant pleaded guilty to one count of conspiracy to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), and was sentenced to 360 months imprisonment, at the low end of the guideline range, and a five-year term of supervised release. The Fifth Circuit affirmed his conviction and sentence, United States v. Valdez, 475 F. App'x 532 (5th Cir. 2012), and movant did not seek

certiorari review from the Supreme Court. Movant timely filed his Section 2255 motion on December 3, 2012.

II.

Grounds of the Motion

Movant identified three grounds for relief in his motion: (1) counsel advised movant to cooperate in order to receive a lesser sentence, but "failed to memorialize the terms" of an agreement, causing movant to receive a longer sentence; (2) counsel was ineffective for failing to investigate movant's prior conviction and object to the conviction being used to classify him as a career offender; and (3) counsel was ineffective for failing to object to movant's sentence on the grounds that the sentence exceeded the statutory maximum and that the court treated the guidelines as mandatory. Mot. at 5-8, 16-25.

III.

Analysis

A. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed

2

final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional

errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

C. <u>None of Movant's Grounds Has Merit</u>

    1. <u>Claims that Counsel Failed to Memorialize Agreement and Promised Movant a Ten-Year Sentence</u>

Movant claims that he cooperated with the government under the impression that his cooperation would result in a ten-year

sentence, and that his attorney was ineffective for advising him to cooperate and then failing to "memorialize" movant's cooperation. He contends that, based on counsel's advice, he decided to plead guilty and talk with the government. He claims that his attorney "misrepresented the existence of a sentence reduction premised on [movant's] cooperation." Mot. at 19. He further claims that had he known he would not receive a benefit from cooperating, then he would have persisted in a not guilty plea and proceeded to trial, and that, therefore, his guilty plea was not knowing, voluntary, or intelligent.

It is well-settled that " [a] plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)), made "with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). A plea is voluntary when it is not a result of force, threats, coercion, improper promises, or misrepresentations, United States v. Amaya, 111 F.3d 386, 389 (5th Cir. 1997), and is intelligent when a defendant has "real notice of the true nature of the charge against him and is "fully aware of the direct consequences" of a guilty plea. Bousley, 523 U.S. at 618-19.

The willingness of the court "to accept plea agreements and colloquies as the factual bases for convictions demands a corollary respect for the integrity of their contents." United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006). A defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). Further, a "signed, unambiguous" plea document "is accorded great evidentiary weight." United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994).

A movant may seek habeas relief on the basis of an alleged promise "by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). If a movant produces independent indicia of the likely merit of his allegations, then he may be entitled to an evidentiary hearing; however, if what movant produces is inconsistent with

6

the bulk of movant's conduct or otherwise fails to meet the burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary. Id. (citing United States v. Smith, 844 F.2d 203, 208 (5th Cir.1988). Often, evidence is produced "in the form of one or more affidavits from reliable third parties." Id.

Movant contends that he cooperated with the government, on the advice of his attorney, believing he would be sentenced to a term of imprisonment of only ten years. However, movant's contention is contradicted by the record, specifically his statements under oath at his rearraignment proceedings and his signed factual resume.

At movant's rearraignment, the court admonished movant that "the Judge determines the penalty if a defendant is convicted, whether it is on a verdict of guilty or on a plea of guilty," and that movant "should never depend or rely upon any statement or promise by anyone, whether connected with a law enforcement agency, or the Government, or anyone else as to what penalty will be assessed against you." Rearraignment Tr. at 9. The court specifically asked movant, "Santiago Valdez, has anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?" Id. at 34. Movant replied, "No, sir." Id. The court also described the potential

7

penalties, including the possibility of a forty-year term of imprisonment, and asked movant if he understood that he was subjecting himself to such penalties, to which movant replied, "Yes, sir." Id. at 36-37.

Prior to his rearraignment, movant had read, discussed with his attorney, and signed a factual resume that included all of the penalties movant could face, and specified that the court could impose a term of imprisonment of "not less than 5 years and not more than 40 years." Factual Resume, at 1. The factual resume also included the elements of movant's offense, and the facts outlining movant's actions in committing the offense, which movant admitted were true.

Movant's testimony and his factual resume show that he understood that he faced up to forty years imprisonment, that no one could promise him a particular sentence, and that no one had promised him a particular sentence. Movant attempts to overcome the presumption of truth accorded to such testimony and documents by offering the affidavit of his sister, Uvaldina Valdez ("Uvaldina"). Mot. to Supplement. The affidavit attests that, prior to retaining movant's attorney, Uvaldina spoke with the attorney, who "assured [Uvaldina] that he would ensure he would fight the conspiracy charge but it would be best if [movant] cooperated with the United States to ensure a lenient sentence of

8

approximately ten years." Id. at 4. In her affidavit, Uvaldina never states that counsel promised her that movant would receive a ten-year sentence. Thus, the self-serving, unreliable arguments and evidence put forth by movant cannot overcome the strong presumption that movant entered a guilty plea knowingly, intelligently, and voluntarily, and that movant's attorney did not prejudice movant.

2. Claim that Counsel Failed to Investigate Movant's Prior Conviction

Movant contends that his prior conviction for aggravated assault under section 22.02 of the Texas Penal Code was not a crime of violence for purposes of movant's classification as a career offender, and that his attorney was deficient for failing to conduct an investigation into this conviction and failing to object. Section 4B1.1(a) of the United States Sentencing Guidelines provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). A crime of violence specifically includes aggravated assault. USSG § 4B1.2, cmt. n.1. Thus, it is clear that movant's aggravated assault conviction qualifies as a crime

9

of violence. See also United States v. Guillen-Alvarez, 489 F.3d 197, 200-01 (5th Cir. 2007) (Texas aggravated assault conviction is a "crime of violence"). Thus, there was nothing for movant's attorney to investigate, and, had movant's attorney objected, such an objection would have been frivolous. Failure to make a frivolous objection does not amount to ineffective assistance of counsel. See Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990).

    3.   Claim that Counsel Failed to Object to Movant's Sentence

Movant claims that his sentence exceeded the statutory maximum, and that his sentence was imposed as mandatory under the sentencing guidelines, and faults his attorney for failing to object to the sentence. First, movant claims that because his indictment only charged him with "500 grams or more" of cocaine, and not a specific amount, that movant could not be subjected to the forty-year maximum of 21 U.S.C. § 841(b)(1)(B). Movant is mistaken, however, because § 841(b)(1)(B)(ii)(II) includes "500 grams or more of a mixture or substance containing a detectable amount of . . . cocaine." Thus, movant was well within the provisions of the statute and qualified for the forty-year statutory maximum. His attorney could not have been ineffective for failing to make what would have been a meritless objection.

Next, movant alleges that the court treated the sentencing guidelines as mandatory by applying the career offender guidelines to movant, and that his attorney should have objected "to the application of the career offender to Movant in a mandatory manner." Mot. at 24-25. However, the record reflects that the court treated the guidelines as advisory, considered all of the sentencing factors under 18 U.S.C. § 3553(a), and imposed a sentence that it believed "adequately and appropriately" addressed the factors. Sentencing Tr. at 11. Thus, movant was not sentenced above the statutory maximum, the court did not treat the guidelines as mandatory, and any objection by counsel would have been frivolous. Accordingly, movant is entitled to no relief, and his motion must be denied.

IV.

Order

Therefore,

The court ORDERS that the motion of Santiago Valdez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C.

§ 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 1, 2013.

JOHN McBRYDE
United States District Judge